A. SHANDS & Co., plaintiffs in error, *vs.* A. HOWELL & Co., defendants in error.

1. This case was founded on a judgment rendered in the State of California. Two statutes of that State were introduced, one approved 10th April, 1850, the other approved 22d April, 1850 : *Held*, that the case was governed by the latter Act, and that the former had no application to the case.

Debt on foreign judgment, in Lumpkin Superior Court, and decision by Judge GEORGE D. RICE, at July Term, 1860.

This case came before the Court upon the following state of facts :

On the 8th of March, 1852, A. Shands & Co. filed a complaint against A. Howell & Co., before S. L. Crane, a justice of the peace, in Greenwood township, Eldorado county, and State of California, for the recovery of a mining claim, and damages. The defendants were served with process, and on the 13th of March, 1852, both parties appeared with their counsel. Upon motion of counsel for defendants, the hearing of the case was postponed until the 22d of March, 1852. At the call of the defendants, a jury was summoned and impanneled, who, after hearing the case, returned a "verdict against the defendants, in damages, to the amount of $375 00, and that plaintiffs have restitution of their claim."

Upon this verdict, the Justice of the Peace rendered the following judgment, to-wit:

Shands & Co., *vs.* Howell & Co.

"It is considered, by the Justice, the damages to be laid at $500 00, and defendants fined $100 00, and the plaintiffs have execution for their debt and cost."

The debt and costs amounted to $851 50.

The defendants entered an appeal to the County Court of Eldorado county, and on the 3d of May, 1852, the judgment of the Justice of the Peace was confirmed by the County Court.

The mining claim and fixtures were sold by the constable, under an execution issued upon the judgment, and brought $380 00, and on the 4th of October, 1852, a transcript of the record and docket was made out and given to the plaintiffs for the balance due, to-wit: $503 50.

On the 7th of October, 1856, this California judgment was sued on in the Superior Court of Lumpkin county.

Upon the trial of the case the plaintiffs introduced a duly exemplified copy of the record of the judgment, and closed.

The defendant then introduced an authenticated copy of a statute of the State of California, of which the following is a copy, to-wit:

*An Act to regulate proceedings in Courts of Justices of the Peace, in civil cases.*

Section 1. [Omitted here.]

Section 2. The jurisdiction of Justices of the Peace, in civil cases, shall, unless otherwise directed by law, be limited to the township wherein they may have been elected, and every Justice of the Peace is hereby authorized to hold a Court for the trial of all actions enumerated in the next section, and to hear, try, and determine the same according to law.

Section 3. Every Justice of the Peace shall have jurisdiction over, and cognizance of, the following actions and proceedings, subject to the provisions in the next following section: 1. Actions for the recovery of money upon any contract, express or implied, when the amount claimed is $200 00, or under. 2d. Actions for damages, where the amount claimed is $200 00, or under. 3d. Actions for fore-

Shands & Co., *vs.* Howell & Co.

closure of any mortgage on personal property, or the enforcement of any lien, when the debt secured is $200 00, or under. 4th. Actions for the recovery of specific property when the value of the property claimed does not exceed $200 00.

SECTION 4. [Omitted here.]

This Act was approved the 10th of April, 1850.

Plaintiff then introduced a properly authenticated copy of a statute of the State of California, of which the following is a copy:

*An Act concerning forcible entries and unlawful detainers.*

SECTION 1. No person or persons shall hereafter make any entry into lands, tenements, or other possessions, but in cases where entry is given by law, and in such cases, not with strong hand, nor with multitudes of people, but only in a peaceable manner, and if any person from henceforth do to the contrary, and thereof be duly convicted, he shall be punished by fine.

SECTION 2. Any Justice of the Peace shall have authority to inquire, as hereinafter directed, as well against those who make unlawful or forcible entry into lands, tenements, or other possessions, and detain the same, as against those who, having lawful and peaceable entry into lands, tenements, or other possessions, unlawfully detain the same; and if it be found, upon such inquiry, that an unlawful or forcible entry hath been made, and that the said lands, tenements, or other possessions, after a lawful entry, are held unlawfully, then such Justice shall cause the party complaining to have restitution thereof.

SECTION 3. When complaint shall be made, in writing, to any Justice of the Peace, of any such unlawful or forcible entry, or unlawful detainer, said Justice shall issue a summons, directed to the sheriff or constable of the county, commanding him to summon the person or persons complained of, to appear before the said Justice on a day in such summons named, which shall not be less than ten days from the day of issuing the summons, and at the place named therein.

SECTION 4. [Provides as to how and when the summons shall be served and returned.]

SECTION 5. [Provides that the Justice shall hear and determine the case unless a jury be demanded.]

SECTION 6. [Provides for serving absentees.]

SECTION 7. [Provides for adjournments and continuances.]

SECTION 8. [Provides for taking depositions.]

SECTION 9. [Provides as to what proofs are necessary.]

SECTION 10. If, upon the trial of any complaint under this Act, the Justice or jury shall find the defendant or defendants, or either of them, guilty of the allegation in the complaint, said Justice shall thereupon enter judgment for the complainant to have restitution of the premises, and shall impose such fine not exceeding one hundred dollars, considering all the circumstances, as he may deem just; and shall tax the cost for complainant, and may issue execution therefor, and said Justice shall also award and issue a writ of restitution.      *      *      *      *      *      *      *      *

SECTION 11. [Inapplicable.]

SECTION 12. In all cases of a verdict by the Justice or jury, for the complainant, the damages shall be assessed, as well for waste and injury committed upon the premises, as for rent and profits during such detainer, and the verdict shall also find the monthly value of the rents and profits of said premises, and the complainant shall be entitled to recover treble damages against whom the judgment has been rendered, which damages shall be assessed by the Justice or jury, and when so assessed, shall be trebled by said Justice, and entered as a judgment in the causes, upon which execution may issue.

SECTION 13 and 14 and 15 are inapplicable.

SECTION 16. [Allows an appeal.]

The remainder of the Act is omitted as unnecessary to illustrate the question decided.

This Act was approved the 22d of April, 1850.

Upon this proof the presiding Judge decided that the Act of 22d of April was not applicable to the case, but that the

Act of the 10th of April was applicable to the case, and that the Justice who rendered the judgment in California did not have jurisdiction to render the same, and that therefore the plaintiffs could not recover, and having so instructed the jury, they returned a verdict for defendants.

This judgment is the error complained of, and a reversal of the same is sought by plaintiff in error.

GEORGE N. LESTER and WEIR BOYD, for plaintiff in error.

MARTIN, (represented by Ezzard,) *contra.*

*By the Court.*—LUMKIN, J., delivering the opinion.

This action is founded on an exemplification from California, and the question is, does it come under the Act of the 10th of April, 1850, or the 22d of April, 1850.

I remark, we do not feel at liberty to sit as an appellate Court in this case. It was tried in the Magistrate's Court of Greenwood township, and on appeal, taken to the County Court of Eldorado. The action was defended on its merits, and no plea to the jurisdiction of the Court was made, and we do not feel at liberty to go behind the Clerk's certificate, to enquire into the constitutional competency of the Court which rendered this judgment. But if we did, it is apparent that the case cannot come under the Act of the 10th of April, 1850, for that Act is limited expressly to cases sounding in damages in $200 00, a less sum, and for this and other reasons, we think it quite manifest that it does not come under this Act.

Whereas, we find that the provisions of the Act of 22d of April, 1850, have been strictly complied with, and it is covered completely by the provisions of the latter Act, and the Judge should so have instructed the jury.

The truth is, the Act of the 10th of April, 1850, confers ordinary jurisdiction to the Magistrate's Court. But the Act of the 22d of April, 1850, is analagous in its provisions to our forcible entry and detainer Act, giving damages for a

gold claim that is improperly withheld. In other words, it confers this extra jurisdiction upon this Court in addition to its ordinary functions.